UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES KENYATTA JR.,

                Plaintiff,

        -against-

SHANAE HALL; PARTY LIFE
PRODUCTIONS LLC,

                Defendants.

1:25-CV-1973 (JGK)

ORDER

JOHN G. KOELTL, United States District Judge:

Plaintiff Charles Kenyatta Jr., who is currently incarcerated in the Lakeview Shock

Incarceration Correctional Facility, in Brocton, New York, brings this *pro se* action asserting

federal-law claims of trademark infringement and unfair competition, as well as state-law claims.

He sues: (1) Shanae Hall; and (2) Party Life Productions LLC. Plaintiff seeks damages and

injunctive relief. For the reasons discussed below, the Court directs Plaintiff to show cause why

the Court should not transfer this action, under either 28 U.S.C. §§ 1404(a) or 1406(a), to the

United States District Court for the Middle District of Florida.

The applicable venue provision for Plaintiff's claims can be found at 28 U.S.C.

§ 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be

brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where

the person is domiciled. § 1391(c)(1). Any other type of defendant resides "in any judicial

district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff does not specify, within his complaint, where the defendants are located. He has, however, attached to his complaint a proposed summons that seems to suggest that the defendants reside in Ocoee, Orange County, Florida. (ECF 1-8, at 1.) Orange County lies within the Middle District of Florida. *See* 28 U.S.C. § 89(b). While Plaintiff alleges that the defendants "conduct[] business" within this judicial district (ECF 1, at 2), he alleges no facts suggesting that either of the defendants reside within the State of New York, let alone, that at least one of them resides within this judicial district.[1] Thus, it would appear that the United States District Court for the Middle District of Florida, and not this court, is a proper venue for this action under Section 1391(b)(1).

In addition, Plaintiff has attached alleged promotional images to his complaint that seem to indicate that at least some of the events that are the bases for his claims occurred in Jacksonville, Duval County, Florida. (ECF 1-2, at 1-2, 5.) Duval County also lies within the Middle District of Florida. *See* § 89(b). While Plaintiff alleges that "a substantial part of the events giving rise to []his claim[s] occurred" within this judicial district (ECF 1, at 2), he alleges no facts to support such a contention. Thus, it would appear that the United States District Court for the Middle District of Florida, and not this court, is also a proper venue for this action under Section 1391(b)(2).

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Under 28 U.S.C. § 1406(a), if a plaintiff files a civil action in the wrong venue, the Court

"shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

which it could have been brought." 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1404(a), even if a

civil action is filed in a federal district court where venue is proper, a court may transfer that

action to any other federal district court where it might have been brought "[f]or the convenience

of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). It appears from the

complaint and its attachments that the only proper venue for Plaintiff's claims or, at least, the

most appropriate venue for Plaintiff's claims is the United States District Court for the Middle

District of Florida. Yet, in light of Plaintiff's *pro se* status, and his allegation, without factual

support, that this court is a proper venue because at least some of the events that are the bases for

his claims occurred within this judicial district (ECF 1, at 2), the Court directs Plaintiff to show

cause why this Court should not transfer this action to the United States District Court for the

Middle District of Florida.

## CONCLUSION

The Court directs Plaintiff to show cause, within 30 days of the date of this order, why

this Court should not transfer this action to the United States District Court for the Middle

District of Florida. Plaintiff may comply with this order by completing, signing, and submitting

the attached declaration form within the time allowed. At this point, no summonses will issue.

If Plaintiff fails to comply with this order within the time allowed, the Court will transfer

this action to the United States District Court for the Middle District of Florida.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an

3

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:

New York, New York

4/17/25

JOHN G. KOELTL
United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____        _____
Executed on (date)               Signature

_____        _____
Name                             Prison Identification # (if incarcerated)

_____        _____
Address                          City           State      Zip Code

_____        _____
Telephone Number (if available)  E-mail Address (if available)

Page 2